FELIPE SÁNCHEZ-OSORIO, Plaintiff and Appellee, v. SOFÍA VIZCARRONDO-MONGRAND, LORENZO F. VIZCARRONDO, ELISA VIZCARRONDO DE GONZÁLEZ, and DOLORES VIZCARRONDO DE URRUTIA, Defendants and Appellants.

No. 3807. Argued March 4, 1926.—Decided March 11, 1926.

*A. Marín Marién* for the appellants. *Leopoldo Feliú* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

In an action between the parties to this appeal the plaintiff moved the court to secure the effectiveness of such judgment as might be rendered in his favor and the court ordered the attachment of property of the defendants upon the plaintiff's giving security in the sum of $7,000 to answer to the defendants for such damages as they might be caused thereby. A bond for that amount was presented and approved by the court on August 27, 1925, but on September 3rd the court, *motu proprio*, set aside its order of approval on the ground that it was made erroneously in that the sureties had not sworn to the value of the real property that they owned in Porto Rico. Yet on August 28th property of the defendants was attached and upon their giving security to answer for the outcome of the suit the attachment was dissolved.

Thereafter the defendants moved the court to raise the attachment levied on their property because it had been granted without valid security given by the plaintiff, but that motion was denied for the reason that although it was true that the said bond was defective, "as the attachment was dissolved by the security given for the obligation and the judge *motu proprio* set aside his approval of the said bond, an order to raise the attachment would serve no practical purpose, the court having no authority at this stage of the case to cancel the obligation securing the claim." That ruling is the basis of this appeal.

Inasmuch as the attachment was granted on the condi-

tion that the plaintiff should give security to answer to the defendants for such damages as they might suffer in case he should not prevail in the action and the security offered by the plaintiff for that purpose was rejected, the plaintiff had no right to attach the property of the defendants and the attachment levied under the rejected security was void for the reason that the defendants were not secured by the plaintiff for the damages that they might suffer by the attachment in case his action should not prosper; and the fact that the defendants gave security for the obligation sued on in order to free their property from the attachment does not estop the defendants from moving for and obtaining a dissolution of the attachment granted without security nor detract from that motion its practical purpose, for that would be equivalent to saying that when an attachment *pendente lite* is granted erroneously it should be effective because the defendants had made use of their right to free their property from it by giving security for the obligation sued on and the result would be that the plaintiff had been secured in the effectiveness of the judgment that might be rendered in his favor without giving the security required of him.

The order appealed from is reversed and the attachment levied on the property of the defendants is dissolved, canceling the bond given by them to secure the obligation in order to dissolve the said attachment.